IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY JO-ALLEN McCOY,

    Plaintiff,

v.                                                              Civil Action No. 3:10CV875

DR. ABBASI,

    Defendant.

## MEMORANDUM OPINION

Anthony Jo-Allen McCoy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action. The matter is before the Court on McCoy's failure to serve Dr. Abbasi within the time required by Federal Rule of Civil Procedure 4(m).[1] For the reasons stated below, McCoy's claim will be DISMISSED WITHOUT PREDJUDICE.

### I. Procedural History

Pursuant to Federal Rule of Civil Procedure 4(m), McCoy had one hundred and twenty (120) days from the filing of the complaint to serve Dr. Abbasi. Here, that period commenced on August 30, 2011. By Memorandum Order entered on August 30, 2011, the Court directed the

---

[1] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

United States Marshal to serve Dr. Abbasi at the address provided by McCoy.[2] On March 20, 2012, the United States Marshal returned the summons unexecuted as to Dr. Abbasi noting that Dr. Abbasi was likely out of the country for an indefinite period of time. By Memorandum Order entered April 5, 2012, the Court directed McCoy to show cause within eleven (11) days as to why his action should not be dismissed for failure to serve Dr. Abbasi within the 120-day window of Rule 4(m).

## II. Analysis

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (*quoting Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency especially holds true when factors beyond the plaintiff's control frustrate his or her diligent efforts. *McCollum v. GENCO Infrastructure Solutions*, No. 3:10-CV-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (*citing T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (*citing Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1983)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (*citing Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)).

---

[2] On September 9, 2011, McCoy informed the Court that he was unable to serve Dr. Abbasi.

2

At a minimum, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (*quoting Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases).

In this case, McCoy has failed to provide any justification as to why this Court should extend this action beyond the 120-day period provided by Rule 4(m).[3] Instead of proffering reasons that would compel this Court to find good cause as to his delay, McCoy responds to the Court's April 5, 2012 Memorandum Order with a rehash of his claims and a request to be moved to a lower security prison. Although McCoy may not be "at fault" for Dr. Abbasi leaving the country, McCoy misinterprets one of the primary reasons behind the 120-day window allotted by Rule 4(m). While a court may look to external factors in evaluating good cause, Rule 4(m) itself does not rest on a determination of fault, but instead seeks to ensure the expediency with which cases proceed on the federal docket. *See id.* at *3 ("'The court cannot countenance the bringing

---

[3] Compare McCoy's efforts with those of the plaintiff in *Yongo v. Nationwide Affinity Ins. Co. of Am.*, also a *pro se* litigant. No. 5:07cv94-D, 2008 WL 516744, at *8–9 (E.D.N.C. Feb. 25, 2008). Yongo initially sent the summons to a defendant McNeil via the United States Marshal Service. *Id.* at *8. Roughly two weeks later, the Marshal informed Yongo that the summons had been returned undelivered. *Id.* Yongo then promptly served interrogatories on codefendants in an effort to discover a proper address for McNeil. *Id.* The original due date for a response to the interrogatories fell within the 120-day deadline; however, the court granted an extension to the codefendants. *Id.* When the defendants eventually responded that they did not know McNeil's address, the Rule 4(m) deadline had expired sixteen days prior. *Id.* Within two weeks of obtaining that response, Yongo, through some undisclosed means, obtained a new address for McNeil and moved for the issuance of a summons at that address. *Id.* The court found that Yongo's efforts, in light of his *pro se* status and the "relatively brief" departure past the 120-day deadline, constituted the "minimally adequate diligence" required to show good cause under Rule 4(m). *Id.* at *9. The court thus granted Yongo's motion to issue a summons after the deadline established by Rule 4(m) had passed. *Id.* at *10.

of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants.'" (alteration in original) (*quoting Villeneuve v. Connecticut*, No. 09-13-P-S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009))). By not offering either any good-faith efforts to effectuate service or any extenuating factors beyond his control frustrating such efforts, McCoy fails to establish good cause for exceeding the time for service under Rule 4(m).

In his letter, McCoy also fails to suggest that he will be able to serve Dr. Abbasi at any time in the foreseeable future. *See id.* (dismissing defendant where plaintiff failed to show good cause for delay in excess of 120 days and likewise failed to offer indication of future service); *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010); *Greene v. Neven*, No. 3:07-CV-00474-LRH-VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010). The Marshal who attempted to serve Dr. Abbasi noted that the defendant was likely out of the country for an unspecified amount of time. McCoy fails to address how he will overcome this hurdle.[4]

---

[4] Rule 4(m) states, "This subdivision (m) does not apply to service in a foreign country under Rule 4(f) . . ." *See* note 1, *supra*. This last sentence of Rule 4(m) does not negate the 120-day deadline in the instant case. McCoy has not attempted service in a foreign country. Therefore, Rule 4(f) does not apply. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985) ("Subdivision 4[(m)], with its foreign country exception to the 120-day period for service, is simply inapplicable here, because Easco never attempted to serve process in a foreign country under subdivision [4(f)]; the 120-day time limit imposed by [Rule 4(m)] seems therefore perfectly proper . . . ."); *DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010) (*citing Montalbano*, 766 F.2d at 740).
Moreover, McCoy has not once, after the news from the Marshal or in response to this Court's August 30, 2011 Memorandum, provided any indication that he can provide an address for Dr. Abbasi.
Because the Court dismisses this action without prejudice, McCoy is free to file another action providing an address, foreign or domestic, for Dr. Abbasi.

Because McCoy fails to show good cause as to his delay and does not evince any ability to effectuate service in the future, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: Oct. 16, 2012
Richmond, Virginia

/s/
Henry E. Hudson
**United States District Judge**

5